**UNITED STATES DISTRICT COURT**
**DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| MARY PHILIPS, | ) | Case No. _____ |
| | ) | |
| Plaintiff, | ) | |
| | ) | **COMPLAINT FOR VIOLATIONS OF** |
| v. | ) | **THE FEDERAL SECURITIES LAWS** |
| | ) | |
| P&F INDUSTRIES, INC., KENNETH M. SCHERIFF, MITCHELL A. SOLOMON, JEFFREY D. FRANKLIN, HOWARD BROD BROWNSTEIN, and RICHARD A. HOROWITZ, | ) ) ) ) ) | **JURY TRIAL DEMANDED** |
| | ) | |
| Defendants. | ) ) | |

Plaintiff Mary Philips ("Plaintiff"), by and through her undersigned counsel, for her complaint against defendants, alleges upon personal knowledge with respect to herself, and upon information and belief based upon, *inter alia*, the investigation of counsel as to all other allegations herein, as follows:

**NATURE AND SUMMARY OF THE ACTION**

1. This is a stockholder action brought by Plaintiff against P&F Industries, Inc. ("P&F" or the "Company") and the members of P&F's Board of Directors (the "Board" or the "Individual Defendants") for their violations of Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §§ 78n(a), 78t(a), and U.S. Securities and Exchange Commission ("SEC") Rule 14a-9, 17 C.F.R. §240.14a-9 ("Rule 14a-9"), in connection with the Board's attempt to sell P&F to ShoreView Industries, LLC ("ShoreView") (the "Proposed Transaction").

2. On October 13, 2023, P&F entered into an Agreement and Plan of Merger with Tools AcquisitionCo, LLC ("Parent"), an affiliate of ShoreView, and Tools MergerSub, Inc. ("Merger Sub") (the "Merger Agreement"). Pursuant to the terms of the Merger Agreement,

ShoreView will acquire P&F, with P&F shareholders receiving $13.00 in cash for each P&F common share.

3. On November 17, 2023, the Board authorized the filing of the materially incomplete and misleading Schedule 14A Definitive Proxy Statement (the "Proxy Statement") with the SEC. Specifically, the Proxy Statement, which recommends that P&F stockholders vote their shares in favor of the Proposed Transaction, contains materially incomplete and misleading information concerning, among other things: (i) the Company's financial projections; (ii) the financial analyses that support the fairness opinion provided by the Company's financial advisor, East Wind Securities, LLC ("East Wind"); (iii) potential conflicts of interest faced by East Wind and Company insiders; and (iv) the background of the Proposed Transaction.

4. The failure to adequately disclose such material information constitutes a violation of Sections 14(a) and 20(a) of the Exchange Act as P&F stockholders need such information in order to make a fully informed decision in connection with the Proposed Transaction.

5. The special meeting for P&F stockholders to vote on the Proposed Transaction is currently scheduled for December 19, 2023. It is imperative that such Exchange Act violations are promptly cured to enable Plaintiff and P&F's other shareholders to make an informed decision whether to vote their shares in favor of the Proposed Transaction. Therefore, Plaintiff seeks to enjoin the stockholder vote unless and until such Exchange Act violations are cured.

**JURISDICTION AND VENUE**

6. This Court has jurisdiction over the claims asserted herein for violations of Sections 14(a) and 20(a) of the Exchange Act and SEC Rule 14a-9 promulgated thereunder pursuant to Section 27 of the Exchange Act, 15 U.S.C. § 78aa, and 28 U.S.C. § 1331 (federal question jurisdiction).

7. This Court has jurisdiction over the defendants because each defendant is either a corporation that conducts business in and maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

8. Venue is proper under 28 U.S.C. § 1391 because defendants are found or are inhabitants or transact business in this District.

**THE PARTIES**

9. Plaintiff is, and has been at all relevant times, the owner of shares of P&F common stock.

10. Defendant P&F is a Delaware corporation, with its principal executive offices located at 445 Broadhollow Road, Suite 100, Melville, New York 11747. P&F's shares trade on the Nasdaq Global Market under the ticker symbol "PFIN."

11. Defendant Kenneth M. Scheriff has been a director of the Company at all relevant times.

12. Defendant Mitchell A. Solomon has been a director of the Company at all relevant times.

13. Defendant Jeffrey D. Franklin has been a director of the Company at all relevant times.

14. Defendant Howard Brod Brownstein has been a director of the Company at all relevant times.

15. Defendant Richard A. Horowitz ("Horowitz") has been Chairman of the Board and President, Chief Executive Officer and a director of the Company at all relevant times. Defendant Horowitz owns approximately 45.7% of the Company's common stock.

16. Defendants identified in paragraphs 11-15 are collectively referred to herein as the "Board" or the "Individual Defendants."

<strong>SUBSTANTIVE ALLEGATIONS</strong>

**Background of the Company**

17. P&F, through its two wholly-owned subsidiaries, Hy-Tech Engineered Solutions ("Hy-Tech") and Florida Pneumatic Manufacturing Corporation ("Florida Pneumatic"), is a leading manufacturer and importer of air-powered tools and accessories sold principally to the aerospace, industrial, automotive, and retail markets. Its products include sanders, grinders, drills, saws and impact wrenches. These tools are powered by compressed air, rather than by electricity or a battery.

**The Proposed Transaction**

18. On October 13, 2023, P&F announced that it had entered into the Proposed Transaction, stating, in relevant part:

> MELVILLE, N.Y., October 13, 2023 - P&F Industries, Inc. ("P&F" or the "Company") (NASDAQ: PFIN) today announced that it has entered into a definitive agreement to be acquired by ShoreView Industries ("ShoreView") in an all-cash transaction for $13.00 per share. The purchase price represents an approximately 97% premium to the closing stock price of the Company's stock on October 12, 2023, the last trading day prior to announcing the transaction.
>
> "We are pleased to reach this agreement with ShoreView, which provides significant premium cash value to our shareholders," said Richard Horowitz, Chairman of the Board, Chief Executive Officer and President. "Following

comprehensive outreach to potential parties, our Board determined that ShoreView is the right partner for P&F that brings deep knowledge within the manufacturing industry. As a private company, the Company will have additional financial and operational flexibility to pursue our strategy to better serve customers across our markets."

Tom D'Ovidio, Partner at ShoreView, said, "P&F brands are backed by talented teams that have worked hard to establish their reputation as a customer-focused, leading engineered solutions manufacturer. Through this partnership, we look forward to leveraging our sector expertise and resources to continue building on P&F's longstanding heritage of providing high value tools for customers."

**Transaction Details**

The proposed transaction has been unanimously approved by the P&F Board of Directors at the recommendation of a Special Committee of independent directors. ShoreView intends to fund the transaction with a combination of cash from ShoreView Capital Partners IV, LP and committed financing, which is not subject to any contingency.

The transaction is expected to close in the fourth quarter of 2023, subject to approval by holders of a majority of the shares not owned by Mr. Horowitz, consent of one of the Company's significant customers and other customary closing conditions. There can be no assurance that all of the approvals and consents will be obtained.

Following completion of the transaction, P&F will become a wholly owned subsidiary of ShoreView and P&F's common stock will no longer be listed on any public market.

Mr. Horowitz, representing 45.2% of the Company's outstanding shares, has entered into an agreement pursuant to which he has agreed to vote in favor of the transaction.

**Advisors**

Skadden, Arps, Slate, Meagher & Flom LLP is serving as legal counsel to the Special Committee. East Wind Securities is serving as financial advisor to P&F and Ruskin Moscou Faltischek, P.C. is serving as legal advisor to P&F.

Sidley Austin LLP is serving as legal advisor to ShoreView.

**The Materially Incomplete and Misleading Proxy Statement**

19. On November 17, 2023, the Board caused to be filed a materially incomplete and misleading Proxy Statement with the SEC. The Proxy Statement, which recommends that P&F stockholders vote their shares in favor of the Proposed Transaction, fails to disclose material information to Company stockholders, or provides them with materially misleading information, concerning: (i) the Company's financial projections; (ii) the financial analyses that support the fairness opinion provided by the Company's financial advisor East Wind; (iii) potential conflicts of interest faced by East Wind and Company insiders; and (iv) the background of the Proposed Transaction.

*Material Misrepresentations and/or Omissions Concerning P&F's Financial Projections*

20. The Proxy Statement fails to disclose material information concerning the financial projections for the Company.

21. For example, the Proxy Statement sets forth that the projections included in the February 2, 2023, confidential information memorandum ("CIM") (the "Initial Projections") "included a financial breakdown of each of the subsidiaries, Hy-Tech and Florida Pneumatic . . . includ[ing] revenue and gross profit for [Hy-Tech] and [Florida Pneumatic.]" Proxy Statement at 49. The Proxy Statement, however, fails to disclose the financial breakdown, including revenue and gross profit, of each of Hy-Tech and Florida Pneumatic included in the Initial Projections.

22. In addition, the Proxy Statement sets forth financial projections prepared by Company management for fiscal year 2023 through fiscal year 2027 for Florida Pneumatic, Hy-Tech and Hy-Tech's Power Transmission Group ("PTG"), which were provided to select potential buyers on April 19 and April 20, 2023 (the "Business Forecasts"). *See id.* at 50. According to the Proxy Statement, "P&F's management updates the financial forecasts regularly to reflect the

current outlook of each of its subsidiaries, as well as accounting for macro level economic and market trends. Throughout the process, P&F distributed updated financial forecasts for the year ending December 31, 2023, to potential buyers, including ShoreView." *Id.* at 51. Yet, the Proxy Statement fails to disclose a quantification of the changes made to the Business Forecasts that were provided to potential buyers throughout the process and that ultimately form the basis of the projections made available to East Wind as of October 12, 2023, and relied upon by East Wind in connection with its fairness opinion.

*Material Misrepresentations and/or Omissions Concerning East Wind's Financial Analyses*

23.     The Proxy Statement fails to disclose material information concerning East Wind's financial analyses.

24.     With respect to East Wind's *Discounted Cash Flow Analysis*, the Proxy Statement fails to disclose: (i) the unlevered free cash flows utilized by East Wind in the analysis or clarification that East Wind utilized the free cash flows included in the projections set forth on page 52 of the Proxy Statement; (ii) normalized fiscal year 2027 EBITDA; (iii) normalized fiscal year 2027 unlevered free cash flow; (iv) the Company's terminal values; (v) the inputs and assumptions underlying the discount rate range of 17.0% to 19.0%; (vi) the Company's net debt; and (vii) the Company's fully diluted outstanding shares.

25.     With respect to East Wind's *Selected Publicly Trading Companies Analysis*, the Proxy Statement fails to disclose the individual financial metrics for each of the selected companies analyzed by East Wind.

26.     With respect to East Wind's *Selected Transaction Analysis*, the Proxy Statement fails to disclose: (i) the identities of the companies that acquired the target companies analyzed by

7

East Wind; and (ii) the individual financial metrics for each of the selected transactions analyzed by East Wind.

27. With respect to East Wind's *Premiums Paid Analysis*, the Proxy Statement fails to disclose: (i) the identities of the transactions analyzed; and (ii) the individual premiums for each transaction.

*Material Misrepresentations and/or Omissions Concerning East Wind's and Company Insiders' Potential Conflicts of Interest*

28. The Proxy Statement fails to disclose material information concerning East Wind's potential conflicts of interest.

29. Specifically, the Proxy Statement fails to disclose whether East Wind has performed any services for P&F, ShoreView or their respective affiliates in the two years prior to rendering its fairness opinion and, if so, details of the services provided, and any compensation received in connection with such services.

30. The Proxy Statement also fails to disclose material information concerning potential conflicts of interest faced by Company insiders.

31. The Proxy Statement fails to disclose whether any of ShoreView's proposals or indications of interest mentioned management retention in the combined company following the Proposed Transaction or the purchase of or participation in the equity of the surviving corporation, as well as the details of any discussions or negotiations concerning management participation in the combined company that occurred prior to execution of the Merger Agreement.

*Material Misrepresentations and/or Omissions Concerning the Background of the Proposed Transaction*

32. The Proxy Statement fails to disclose material information concerning the background of the Proposed Transaction.

33. For example, the Proxy Statement sets forth that at an April 27, 2023, special Board meeting, the Board "approved establishing [a] special committee of the Board (the 'Special Committee'), appointed its members (Mitchell A. Solomon and Kenneth M. Scheriff) and established its duties and powers, including the power to engage its own counsel and other advisors." *Id.* at 32. The Proxy Statement fails to disclose the specific powers provided to the Special Committee under its mandate or charter, including whether the Special Committee was provided full negotiating power, including the power to reject the Proposed Transaction and whether the Special Committee engaged its own counsel and advisors. This information takes on heightened importance in light of defendant Horowitz's 45.7% ownership of the Company and involvement in Board deliberations concerning the sale process.

34. In sum, the omission of the above-referenced information renders statements in the "Projections Prepared by P&F's Management," "Opinions of P&F's Financial Advisor," "Background of the Merger," and "Compensation Arrangements with Parent" sections of the Proxy Statement materially incomplete and misleading in contravention of the Exchange Act. Absent disclosure of the foregoing material information prior to the stockholder vote, Plaintiff and the other stockholders of P&F will be unable to make a sufficiently informed decision in connection with the Proposed Transaction and are thus threatened with irreparable harm warranting the injunctive relief sought herein.

## CLAIMS FOR RELIEF

### COUNT I

**Claims for Violation of Section 14(a) of the Exchange Act and Rule 14a-9 Promulgated Thereunder Against the Individual Defendants and P&F**

35. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

36. The Individual Defendants disseminated the false and misleading Proxy Statement, which contained statements that, in light of the circumstances under which they were made, omitted to state material facts necessary to make the statements therein not materially misleading, in violation of Section 14(a) of the Exchange Act and Rule 14a-9. P&F is liable as the issuer of these statements.

37. The Proxy Statement was prepared, reviewed, and/or disseminated by the Individual Defendants. By virtue of their positions within the Company, the Individual Defendants were aware of this information and their duty to disclose this information in the Proxy Statement.

38. The Individual Defendants were at least negligent in filing the Proxy Statement with these materially false and misleading statements.

39. The omissions and false and misleading statements in the Proxy Statement are material in that a reasonable stockholder will consider them important in deciding how to vote on the Proposed Transaction. In addition, a reasonable investor will view a full and accurate disclosure as significantly altering the total mix of information made available in the Proxy Statement and in other information reasonably available to stockholders.

40. The Proxy Statement is an essential link in causing Plaintiff and the Company's stockholders to approve the Proposed Transaction.

41. By reason of the foregoing, defendants violated Section 14(a) of the Exchange Act and Rule 14a-9 promulgated thereunder.

42. Because of the false and misleading statements in the Proxy Statement, Plaintiff is threatened with irreparable harm.

## COUNT II

### Claims for Violation of Section 20(a) of the Exchange Act
### Against the Individual Defendants

43. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

44. The Individual Defendants acted as controlling persons of P&F within the meaning of Section 20(a) of the Exchange Act as alleged herein. By virtue of their positions as officers and/or directors of P&F and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Proxy Statement, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that Plaintiff contends are false and misleading.

45. Each of the Individual Defendants was provided with or had unlimited access to copies of the Proxy Statement alleged by Plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause them to be corrected.

46. In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control and influence the particular transactions giving rise to the violations as alleged herein, and exercised the same. The Proxy Statement contains the unanimous recommendation of the Individual Defendants to approve the Proposed Transaction. They were thus directly involved in the making of the Proxy Statement.

47. By virtue of the foregoing, the Individual Defendants violated Section 20(a) of the Exchange Act.

11

48. As set forth above, the Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) of the Exchange Act and Rule 14a-9, by their acts and omissions as alleged herein. By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the Exchange Act. As a direct and proximate result of defendants' conduct, Plaintiff is threatened with irreparable harm.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment and preliminary and permanent relief, including injunctive relief, in her favor on behalf of P&F, and against defendants, as follows:

A. Preliminarily and permanently enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction, including the stockholder vote on the Proposed Transaction, unless and until defendants disclose the material information identified above which has been omitted from the Proxy Statement;

B. In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages to Plaintiff;

C. Directing the Individual Defendants to file a Proxy Statement that does not contain any untrue statements of material fact;

D. Awarding Plaintiff the costs of this action, including reasonable allowance for Plaintiff's attorneys' and experts' fees; and

E. Granting such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

Dated: November 30, 2023

**OF COUNSEL:**

**ACOCELLI LAW, PLLC**
Richard A. Acocelli
33 Flying Point Road, Suite 131
Southampton, NY 11968
Tel: (631) 204-6187
Email: racocelli@acocellilaw.com

**LONG LAW, LLC**

By: */s/ Brian D. Long*
Brian D. Long (#4347)
3828 Kennett Pike, Suite 208
Wilmington, DE 19807
Telephone: (302) 729-9100
Email: BDLong@longlawde.com

*Attorneys for Plaintiff*